### In re: PACKAGED ICE ANTITRUST LITIGATION.

#### MDL No. 1952.

United States Judicial Panel on Multidistrict Litigation.

June 5, 2008.

Before JOHN G. HEYBURN II, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA, Judges of the Panel.

### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Plaintiffs in nine actions pending in the Eastern Dis-

trict of Michigan (two actions), the District of Minnesota (five actions), the Northern District of Ohio (one action) and the Northern District of Texas (one action) have submitted five motions,[1] pursuant to 28 U.S.C. § 1407, for centralization of a total of 37 actions. No responding party opposes centralization, but the parties disagree as to the selection of a transferee forum. Moving and responding plaintiffs variously support centralization in the following districts: the Southern District of California, the Eastern District of Michigan, the District of Minnesota, the Northern District of Ohio, or the Northern District of Texas. Responding defendants[2] support centralization in the District of Minnesota.

This litigation currently consists of 37 actions listed on Schedule A and pending in eight districts as follows: twelve actions in the Eastern District of Michigan, ten actions in the District of Minnesota, seven actions in the Northern District of Texas, four actions in the Northern District of Ohio, and one action each in the Northern District of California, the Southern District of California, the District of Kansas and the Southern District of Ohio.[3]

On the basis of the papers filed and hearing session held, we find that these 37 actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Michigan will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All

---

1. Although additional submissions styled as "motions" were submitted to the Panel, they were docketed as responses in accordance with Panel Rule 7.2(h). *See* Rule 7.2(h), R.P.J.P.M.L., 199 F.R.D. 425, 434 (2001).

2. Reddy Ice Holdings, Inc.; Reddy Ice Corp.; Arctic Glacier Income Fund; Arctic Glacier, Inc.; Arctic Glacier International, Inc.; and Home City Ice Co.

3. In addition to the 37 actions now before the Panel, the parties have notified the Panel of 28 related actions pending in various districts across the country. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. at 435–36.

actions arise from allegations that defendants conspired to allocate markets and to fix, raise, maintain and/or stabilize the price of packaged ice in the United States, in violation of state and federal antitrust laws. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to the issue of class certification), and conserve the resources of the parties, their counsel and the judiciary.

█ While any number of the proposed transferee forums would be acceptable, we are persuaded that the Eastern District of Michigan is an appropriate transferee district for pretrial proceedings in this litigation. This district offers a relatively geographically central district with favorable caseload conditions. More pending actions and potential tag-along actions have been filed in the Eastern District of Michigan than in any other district. Additionally, the grand jury investigating the packaged ice industry is based in this district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Michigan are transferred to the Eastern District of Michigan and, with the consent of that court, assigned to the Honorable Paul D. Borman for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

### SCHEDULE A

#### MDL No. 1952 — IN RE: PACKAGED ICE ANTITRUST LITIGATION

*Northern District of California*
Marin Scotty's Market, Inc. v. Reddy Ice Holdings, Inc., et al., C.A. No. 3:08–1486

*Southern District of California*
Jan Barranco–Grams v. Reddy Ice Holdings, Inc., et al., C.A. No. 3:08–539

*District of Kansas*
Jenifer Valencia v. Arctic Glacier Income Fund, et al., C.A. No. 2:08–2138

*Eastern District of Michigan*
F & V Oil Co., Inc., et al. v. Reddy Ice Holdings, Inc., et al., C.A. No. 2:08–11152
S & S Lima, Inc., etc. v. Reddy Ice Holdings, Inc., et al., C.A. No. 2:08–11182
Silver Springs Liquor, Inc. v. Reddy Ice Holdings, Inc., et al., C.A. No. 2:08–11200
Elite Energy, LLC v. Arctic Glacier Income Fund, et al., C.A. No. 2:08–11201
Melrick, Inc., etc. v. Reddy Ice Holdings, Inc., et al., C.A. No. 2:08–11204
RSB Wellman Co., Inc., etc. v. Reddy Ice Holdings, Inc., et al., C.A. No. 2:08–11213
Joseph Krainc, etc. v. Reddy Ice Holdings, Inc., et al., C.A. No. 2:08–11238
Circle Beer & Beverage, Inc., etc. v. Reddy Ice Holdings, Inc., et al., C.A. No. 2:08–11293
Mazel LLC v. Reddy Ice Holdings, Inc., et al., C.A. No. 2:08–11315
Y & R's, Inc. v. Reddy Ice Holdings, Inc., et al., C.A. No. 2:08–11316
Linco Distributing Co., Inc., etc. v. Reddy Ice Holdings, Inc., et al., C.A. No. 2:08–11330
823 Sproul Inc., etc. v. Reddy Ice Holdings, Inc., et al., C.A. No. 2:08–11345

*District of Minnesota*
Ridge Plaza, Inc. v. Reddy Ice Holdings, Inc., et al., C.A. No. 0:08–657
Mall Mart, Inc., etc. v. Arctic Glacier Income Fund, et al., C.A. No. 0:08–663
The Baron Group, Inc., etc. v. Reddy Ice Holdings, Inc., et al., C.A. No. 0:08–670

*Kozak Enterprises, Inc. v. Arctic Glacier Income Fund, et al.,* C.A. No. 0:08–704

*Solid Waste, Ltd., etc. v. Reddy Ice Holdings, Inc., et al.,* C.A. No. 0:08–713

*Thrifty Liquor, Inc. v. Reddy Ice Holdings, Inc., et al.,* C.A. No. 0:08–777

*Chukrid Khorchid, etc. v. Arctic Glacier Income Fund, et al.,* C.A. No. 0:08–809

*G.M. Food & Fuel, LLC, etc. v. Reddy Ice Holdings, Inc., et al.,* C.A. No. 0:08–826

*Public Foods, Inc., et al. v. Reddy Ice Holdings, Inc., et al.,* C.A. No. 0:08–862

*Thomas Beverage Co., Inc., etc. v. Arctic Glacier Income Fund, et al.,* C.A. No. 0:08–863

*Northern District of Ohio*

*Chi–Mar Enterprises, Inc. v. Reddy Ice Holdings, Inc. et al.,* C.A. No. 1:08–657

*Fu–Wah Mini Market v. Reddy Ice Holdings, Inc., et al.,* C.A. No. 1:08–666

*Warrington Fuels, Inc. v. Reddy Ice Holdings, Inc., et al.,* C.A. No. 1:08–692

*Marchbanks Travel Service, Inc., etc. v. Reddy Ice Corp., et al.,* C.A. No. 1:08–695

*Southern District of Ohio*

*Champs Liquors, Inc. v. Reddy Ice Holdings, Inc., et al.,* C.A. No. 1:08–179

*Northern District of Texas*

*Five Angels Management, etc. v. Arctic Glacier Income Fund, et al.,* C.A. No. 3:08–480

*Joseph Massino v. Arctic Glacier Income Fund, et al.,* C.A. No. 3:08–496

*Rodney Blasingame v. Reddy Ice Holdings, Inc., et al.,* C.A. No. 3:08–498

*Ethamma Emmanuel, etc. v. Arctic Glacier Income Fund, et al.,* C.A. No. 3:08–507

*Joseph Difabritiis 7–11 Food Store # 24428 v. Reddy Ice Holdings, Inc., et al.,* C.A. No. 3:08–512

*Rick Drontle, etc. v. Arctic Glacier Income Fund, et al.,* C.A. No. 3:08–536

*Wilson Farms, Inc., et al. v. Reddy Ice Holding, Inc., et al.,* C.A. No. 3:08–537